## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Horace N. Gregory

    v.

Carl Torrence et al.

January 8, 1970

Case No. 1940

## By JUDGE A. CHRISTIAN COMPTON

The demurrer of the defendants Goodwyn, Pearsall and Bailey is sustained in part and overruled in part.

The plaintiff, who is an employee of a concrete contractor, bases his cause of action in negligence against the aforesaid defendants who are the owners of the property and their agent (and who perhaps acted as their own general contractor) on three grounds: (1) that they failed to provide a safe place for the plaintiff to work, (2) that they failed to provide safe and adequate supervision, and, (3) that they failed to warn the plaintiff of the dangerous and unsafe conditions which existed on the premises during the construction.

Viewed as the allegations must be on demurrer and keeping the provisions of the first two sentences of Rule 3:18(d) in mind, the demurrer is overruled as it relates to the first and third grounds above stated but sustained (with leave to amend) insofar as it is directed to the second ground.

The allegations that these defendants negligently failed to provide the plaintiff a safe place to work and that they failed to warn the plaintiff of dangerous and unsafe conditions will be treated together. The defendants argue that there is no duty on them to provide a safe place to work because the plaintiff alleges he was

employed by the concrete contractor which negates any duty on the owner since the duty is owed by the plaintiff's employer. As to the failure to warn, these defendants assert that there is no duty to warn by the owner when the independent contractor is in charge of the premises and even if such duty exists, there is no allegation that these defendants knew or should have known of any alleged defect.

The rule is that "one going upon another's property . . . as an independent contractor's employee, is an invitee to whom the property owner is liable for an injury occasioned by an unsafe condition of the premises encountered in the work which was known to the property owner but unknown to the injured person." 41 Am. Jur. 2d, Section 27, p. 781. See *Trimyer* v. *Norfolk Tallow Co.*, 192 Va. 776, 780, 781 (1951). If the proof shows that the premises were in charge of someone other than these defendants, then this may affect the application of this duty, however the pleadings are sufficient to state a cause of action based on the above rule relied on by the plaintiff. Moreover, the failure to allege knowledge does not render the pleading bad on demurrer since knowledge here may be fairly and justly inferred from the facts alleged.

As to the plaintiff's claim that the demurrants failed in their duty to provide "safe and adequate supervision," the demurrer is sustained. The court has not found, nor been referred to, any support for such a duty owed by an owner (who may be its own general contractor) to the employee of an independent contractor. Furthermore, the insufficiency of such an allegation to meet the requirement of "clearly" informing these defendants of the true nature of the claim, as set out in Rule 3:18(d), is apparent from the plaintiff's argument wherein he suggests the many and varied situations which may give rise to such a duty, "depending on the facts as they arise at the trial." (Plaintiff's Brief, page 7). He says that "(d)epending on the facts as they arise at the trial, the existence or nonexistence of agreements, the relationship of the parties, and the representations express or implied of each, the owners may very well have had a duty to provide safe and adequate supervision either as land owners, as constructors and builders of the parking deck, or merely as persons who agreed or represented that they would provide such supervision. Depending on the construction situation, the builder

may have the duty to provide a construction engineer. In this case, the owners were the builders, building their own parking deck." As to this ground, the matter pleaded is so insufficient as to render the defect substantial.